IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CRAIG MAJORS #414062,** | ) |
| Petitioner, | ) |
| | ) No. 3:24-cv-00775 |
| v. | ) |
| | ) Judge Trauger |
| **GRADY PERRY, Warden,** | ) Magistrate Judge Newbern |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Craig Majors, an inmate of the South Central Correctional Facility in Clifton, Tennessee, has filed a pro se petition for writ of habeas corpus. (Doc. No. 1). Pending before the court is Petitioner's Motion to Conduct Discovery (Doc. No. 7) and "Motion to Deny and/or Modify Respondent's Second Motion for an Extension of Time to Respond to the Petition and File in State Court." (Doc. No. 20).

The latter motion (Doc. No. 20) is **DENIED AS MOOT**. The court granted Respondent's request for an extension of time within which to respond to the petition (Doc. No. 18) before Petitioner's motion was received by the court. (*See* Doc. Nos. 19, 20). It is customary for the court to grant extensions of time when those extensions are made in good faith and the court finds an extension would not prejudice the petitioner, which was the case here. In any event, Respondent already has filed its response to the petition. (Doc. No. 23).

Before moving to Petitioner's discovery motion, however, the court must address a preliminary matter. While Petitioner filed his petition pursuant to 28 U.S.C. § 2254 (Doc. No. 1 at PageID# 1), a review of the petition reveals that he solely challenges his sentence calculation based on sentencing credits. Title 28 U.S.C. § 2241 is the appropriate statute under which to

1

proceed when a prisoner raises "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). "An incarcerated state petitioner may use 28 U.S.C. § 2241 to challenge . . . claims generally pertaining to the computation of parole or sentencing credits." *Bru'ton v. Tenn. Bd. of Paroles*, No. 3:18-cv-00136, 2018 WL 6696913, at *3 (M.D. Tenn. Dec. 20, 2018). Petitioner explicitly acknowledges that he is not challenging the validity of his conviction. (*See* Doc. No. 24 at PageID# 2727). Thus, going forward, the court considers Petitioner's motion as one filed under Section 2241.[1] And because petitions filed under Section 2241 are not subject to Section 2244's gatekeeping provision, the instant petition is not second or successive, despite Petitioner having filed a previous Section 2254 instead in this court. *See Majors v. Sexton*, No. 3:13-cv-0543, 2013 WL 6148356, *1 (M.D. Tenn. Nov. 22, 2013).

Courts apply Rule 6(a) of the Rules Governing § 2254 Cases to discovery requests in Section 2241 proceedings. *Wilson v. Williams*, No. 4:20-cv-00794, 2020 WL 4548246, at *2 & n.10 (N.D. Ohio. Aug. 6, 2020) (citing *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1183 n.8 (11th Cir. 2014) (noting that § 2254 rules can be applied to § 2241 cases); *Antonelli v. Rios*, No. 06-283-GFVT, 2009 WL 790171, at *3 (E.D. Ky. Mar. 24, 2009) (applying § 2254 discovery standard to § 2241 case); *Green v. Smith*, No. 2:08-CV-10198-DT, 2008 WL 2447144, at *2 (E.D. Mich. 2008) (same)). "Courts can 'allow a petitioner to engage in discovery upon a showing of good cause.'" *Wilson*, 2020 WL 4548246, at *1 (quoting *Antonelli*, 2009 WL 790171, at *3). This standard requires "reason to believe that the petitioner[s] may, if the facts are fully developed, be able to demonstrate that [they are] entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 909-910 (1997).

---

[1] Respondent has conceded that Petitioner timely filed his petition. (*See* Doc. No. 23 at PageID# 2709).

Here, Petitioner seeks discovery of documents related to the Tennessee Department of Correction's ("TDOC") calculations of his earned sentence reduction credits involving his 2008 sentence for especially aggravated kidnapping. Petitioner claims that, due to a miscalculation, TDOC held him beyond the correct expiration date of his 2008 sentence in violation of the Due Process Clause of the Fourteenth Amendment and of the Eighth Amendment to the United States Constitution. (Doc. No. 1 at PageID# 8-19). According to Petitioner, the correct expiration date for his 2008 sentence was April 26, 2024.[2] (*Id*. at PageID# 12).

Subsequent to the filing of Petitioner's Motion to Conduct Discovery, Respondent filed the affidavit of TDOC official Amber Phillips in support of his Answer to the petition. (*See* Doc. No. 23-1, Affidavit of Amber Phillips). Ms. Phillips is the TDOC Director of Sentence Management Services. Ms. Phillips' affidavit addresses all calculations about which Petitioner seeks discovery. Specifically, she addresses Petitioner's Sentence Effective Dates, Sentence Imposed Dates, pretrial jail credits, pretrial behavior credits, and sentence reduction credits for both his 2008 especially aggravated kidnapping conviction and for his 2015 solicitation for aggravated assault conviction. (*See id*.) While Petitioner may dispute the accuracy of her calculations,[3] the information Petitioner sought in discovery is included in Ms. Phillips' affidavit. Therefore, Petitioner fails to demonstrate good cause for additional discovery. *See Wilson*, 2020 WL 4548246, at *1. Accordingly, His Motion to Conduct Discovery (Doc. No. 7) is **DENIED**. Now that Petitioner is privy to the detailed explanation of TDOC's calculations, he

---

[2] Petitioner's 2008 Sentence for especially aggravated kidnapping has expired under both Petitioner's (April 26, 2024) and TDOC's (June 26, 2024) argued expiration dates. Petitioner is now serving his consecutive 2015 Sentence for solicitation for aggravated assault.

[3] It appears that Petitioner disagrees with Ms. Phillips' application of pretrial behavior credits. Petitioner does not appear to categorize pretrial behavior credits as sentence reduction credits as required under Tennessee law. *See* Tenn. Code Ann. § 41-21-236(e)(1); Doc. No. 1 at PageID# 12.

may challenge those calculations, if he so chooses, in an amended response to Respondent's Answer to the petition.

The court will undertake review of all other pending motions (Doc. Nos. 22, 26) as well as the pending Section 2241 petition, in due course.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge