# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CRAIG MAJORS #414062,** | ) |
| Petitioner, | ) |
| | ) No. 3:24-cv-00775 |
| v. | ) |
| | ) Judge Trauger |
| **GRADY PERRY, Warden,** | ) Magistrate Judge Newbern |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Craig Majors, an inmate of the South Central Correctional Facility in Clifton, Tennessee, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. No. 1). Respondent has filed a response in opposition (Doc. No. 23), to which Petitioner has replied (Doc. No. 24). Respondent also has filed a Motion to Waive Filing of Physical Exhibits (Doc. No. 22), and Petitioner has filed a Motion to Strike Respondent's Filing of the State Court Record (Doc. No. 26).

## I. MOTIONS

The court will begin with a consideration of the motions filed by both parties.

---

[1] While Petitioner filed his petition pursuant to 28 U.S.C. § 2254 (Doc. No. 1 at PageID# 1), a review of the petition reveals that he solely challenges his sentence calculation based on sentencing credits. Because Title 28 U.S.C. § 2241 is the appropriate statute under which to proceed when a prisoner raises "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself", *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998), by prior Memorandum Opinion and Order, the court determined that, going forward, it would consider Petitioner's motion as one filed under Section 2241. (Doc. No. 28 at PageID# 267-78). In so doing, the court noted that, despite Petitioner having filed a previous federal petition for a writ of habeas corpus, petitions filed under Section 2241 are not subject to Section 2244's gatekeeping provision; thus, the instant petition is not second or successive.

Respondent has filed a Motion to Waive Filing of Physical Exhibits. (Doc. No. 22). Specifically, Respondent asks to waive the filing of two exhibits: (1) a recorded 911 call (a physical exhibit) that is contained in the direct appeal record and (2) Petitioner's direct appeal brief filed with the Tennessee Court of Criminal Appeals. (*Id*. at PageID# 2705). Respondent asserts that, because Petitioner does not challenge the validity of his conviction, the two referenced exhibits are irrelevant to Petitioner's claims regarding the application of sentence reduction credits. The Court agrees and **GRANTS** the motion. (Doc. No. 22).

Petitioner has filed a Motion to Strike Respondent's Filing of the State Court Record (Doc. No. 26). He asserts that, because he "challenges only the application of Prisoner Sentence Reduction Credits, deprivation of PSRC and Expiration date of his sentence", "[i]t would be a waste of the Court's time to review these documents." (*Id*. at PageID# 2758). Petitioner, however, believes "the Judgement orders on case number 40107074, count one and case number 2011-CR-18A" are relevant and should remain docketed. (*Id*. at PageID# 2759).

While the court agrees that it may not be necessary for the court to review the entire state record submitted by Respondent, it is the opinion of the court that the submitted record should remain docketed. The court has reviewed portions of the record in preparing this Memorandum Opinion and Order. Further, removing some portions of the submitted record and leaving other portions as requested by Petitioner—when removal of any portion is not required—would be an inefficient use of the Clerk's Office staff resources. Thus, Petitioner's motion (Doc. No. 26) is **DENIED**.

## II.  STANDARD FOR PETITIONS UNDER 28 U.S.C. § 2241

Next, the court must conduct the initial screening of Petitioner's Section 2241 petition required by 28 U.S.C. § 2243. *Brown v. Gilley*, No. 6:23-106-GFVT, 2023 WL 4748174, at *1 &

2

Case 3:24-cv-00775    Document 29    Filed 07/22/25    Page 2 of 11 PageID #: 2772

n.1 (E.D. Ky. June 25, 2023) (citing *Alexander v. Northern Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011)). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.[2]

Respondent concedes that Petitioner timely filed his petition under 28 U.S.C. § 2244(d) and exhausted his state remedies prior to filing. (*See* Doc. No. 23 at PageID# 2708).

### III. REVIEW OF SECTION 2241 PETITION

A. Procedural History and Factual Background

On January 29, 2008, a Montgomery County Criminal Court jury convicted Petitioner of one count each of especially aggravated kidnapping, attempted aggravated robbery, and aggravated burglary. *State v. Majors*, No. M2009-00483-CCA-R3-CD, 2010 WL 2483512, at *1 (Tenn. Crim. App. June 21, 2010), *perm. app. denied* (Tenn. Dec. 8, 2010); (Doc. No. 21-1 at Page ID# 190-92). The trial court imposed a sentence of twenty years for the especially aggravated kidnapping conviction and six-year sentences for the attempted aggravated robbery and aggravated burglary convictions, all to be served concurrently for a total effective sentence of twenty years ("2008 Sentence"). *Id*. The Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgments of the trial court on direct appeal. *Id*. The Tennessee Supreme Court denied discretionary review. (Doc. No. 21-11 at Page ID# 896).

In March 2011, Petitioner filed a petition for state post-conviction relief in the Montgomery County Circuit Court. (Doc. No. 21-12 at Page ID# 901). After holding an evidentiary hearing, the postconviction court denied the petition, and the TCCA later affirmed the denial of relief. *Majors*

---

[2] The Rules Governing 2254 Cases ("Habeas Rules") apply to habeas petitions under 28 U.S.C. § 2241. *See Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016).

*v. State*, No. M2011-02353-CCA-R3-PC, 2012 WL 3291801, at *1 (Tenn. Crim. App. Aug. 13, 2012), *perm. app. denied* (Tenn. Jan. 14, 2013). The Tennessee Supreme Court denied Petitioner's application for discretionary review. *Id*. at *1; (Doc. No. 21-26 at Page ID# 2230).

Petitioner later filed a petition for writ of certiorari in the Montgomery County Circuit Court. *Majors v. State*, No. M2013-01889-CCA-R3-HC, 2014 WL 2547801, at *1 (Tenn. Crim. App. June 4, 2014), *no perm. app. filed*. The trial court dismissed the petition, and the TCCA dismissed Petitioner's appeal. *Id*.

Petitioner also litigated a petition for a state writ of habeas corpus in the Johnson County Criminal Court. *Majors v. State*, No. E2015-00400-CCA-R3-HC, 2015 WL 5656340, at *1 (Tenn. Crim. App. Sept. 25, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016). The trial court dismissed the petition in January 2015, and the TCCA affirmed the dismissal later that year. *Id*.

On April 25, 2013, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this court. *Majors v. Sexton*, No. 3:13-cv-0543, 2013 WL 6148356, *1 (M.D. Tenn. Nov. 22, 2013). The court denied that petition. *Id*. The Sixth Circuit denied Petitioner's application for a certificate of appealability. (*Id*., Doc. No. 47 at Page ID# 1558). In February 2015, Petitioner filed a "Motion for Relief from Judgment" in the same case. (*Id*., Doc. No. 49 at Page ID# 1565). This court construed the motion as requesting relief, in part, that may be properly sought under Rule 60 and construed the remainder as a second or successive habeas petition. (*Id*., Doc. No. 53 at Page ID# 1710). After denying relief on Petitioner's claims that were properly raised under Rule 60, this court transferred the remainder to the Sixth Circuit as an application requesting authorization to file a second or successive petition. (*Id*., Doc. No. 53 at Page ID# 1710). The Sixth Circuit denied the application for authorization to file a second or successive petition. (*Id*., Doc. No. 67).

In August 2020, Petitioner filed another "Motion for Relief from Judgment from the Denial of Majors Original Federal Habeas Petition" in this court. (Doc. No. 68 at Page ID# 1762). This court transferred the motion to the Sixth Circuit for consideration as a second or successive habeas petition. (Doc. No. 69 at Page ID# 1835). The Sixth Circuit dismissed the motion for want of prosecution for failure to file a corrected second or successive motion by the deadline. (Doc. No. 73).

Petitioner is also serving a second sentence. He pled guilty on February 27, 2015, to one count of Solicitation for Aggravated Assault in the Morgan County Criminal Court. (Doc. No. 21-44 at Page ID# 2684). For that conviction, the trial court imposed a one-year sentence ("2015 Sentence") to be served at 30% and consecutive to the 2008 Sentence. (*Id*.)

II. Instant Section 2241 Petition

Petitioner filed the instant petition for a writ of habeas corpus on June 25, 2024. (Doc. No. 1 at Page ID# 8). In his petition, Petitioner argues that TDOC miscalculated and misapplied earned sentence credits involving his 2008 Sentence for especially aggravated kidnapping. (*Id*. at Page ID# 8, 11, 14, 17, 19). Petitioner asserts that, due to this miscalculation, TDOC held him beyond the correct expiration date of his 2008 Sentence in violation of the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment of the United States Constitution. (*Id*. at Page ID# 8-19). Petitioner raises five grounds for relief, and each ground challenges the correct application of sentence reduction credits as applied to his 2008 Sentence. According to Petitioner, the correct expiration date for his 2008 Sentence was April 26, 2024. (Doc. No. 1 at Page ID# 12).

To support his petition, Petitioner has submitted various exhibits demonstrating his attempt to petition TDOC for a declaratory order related to the correct expiration date of his 2008 Sentence. (Doc. No. 1-7 at Page ID# 35; Doc. No. 1-14 at Page ID# 59). On October 30, 2023, TDOC denied

5

Petitioner's efforts and explained that the 2008 Sentence was required to be served at one hundred percent with a maximum potential reduction of 15% using sentence reduction credits under Tennessee law. (Doc. No. 1-7 at Page ID# 35). TDOC informed Petitioner that the correct expiration date of his 2008 Sentence was June 26, 2024, after reducing the sentence by the fifteen percent maximum statutory reduction. (Doc. No. 1-7 at Page ID# 35-36). On November 28, 2023, TDOC sent another letter to Petitioner explaining how it calculated the expiration date of his 2008 Sentence, again arriving at the date of June 26, 2024. (Doc. No. 1-14 at Page ID# 59).

Following TDOC's denial of a declaratory order, Petitioner filed a complaint for a declaratory judgment in the Davidson County Chancery Court to challenge TDOC's calculation of the expiration date of the 2008 Sentence. (Doc. No. 1-9 at Page ID# 44). The Davidson County Chancery Court rejected the declaratory judgment action because Petitioner had an outstanding court balance of $350 in the United States District Court for the Eastern District of Tennessee. (Doc. No. 1-4 at Page ID# 30). Petitioner appealed this matter to the Tennessee Court of Appeals ("TCOA") on March 27, 2024 (Doc. No. 21-40 at Page ID# 2535-36), and the TCOA construed Petitioner's Notice of Appeal as a petition for a writ of mandamus because the trial court did not enter an appealable order. (Doc. No. 21-41 at Page ID# 2541). The TCOA ultimately denied the petition. (*Id.*)

Petitioner's 2008 Sentence for especially aggravated kidnapping has expired under both Petitioner's (April 26, 2024) and TDOC's (June 26, 2024) argued expiration dates. Petitioner is now serving his consecutive 2015 Sentence for solicitation for aggravated assault. Consequently, the correct expiration date of his 2008 Sentence impacted when he began serving his 2015 Sentence. *See generally Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) (holding that a prisoner remains "in custody" under all imposed consecutive sentences until they are served).

In Tennessee, "[e]ach inmate who exhibits good institutional behavior or who exhibits satisfactory performance within a program may be awarded time credits." Tenn. Code Ann. § 41-21-236(2)(A)(i). "The sentence reduction credits shall be used to reduce the sentence imposed for inmates serving a sentence: (1) That was imposed for an offense that occurred before July 1, 2024 . . . ." *Id*. § 41-21-236(2)(A)(i)(a)(1). "The credits awarded may vary between one (1) day and sixteen (16) days for each month served, with not more than eight (8) days for each month served for good institutional behavior and not more than eight (8) days for each month served for satisfactory program performance." *Id*. § 41-21-236(2)(A)(ii). "Sentence reduction credits for good institutional behavior as authorized by [§ 41-21-236] may also be awarded to all convicted felons for the time incarcerated prior to the imposition of sentence." *Id*. § 41-21-236(e)(1). In other words, "[p]retrial behavior credit is a sentence reduction credit" and is "awarded at a rate of 8 days for every 30 days of pretrial jail credit." (Doc. No. 23-1 at 2).

"There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in [Tenn. Code Ann. § 40-35- 501](i)(2)." Tenn. Code Ann. § 40-35-501(i)(1). Especially aggravated kidnapping is among the offenses enumerated in subsection (i)(2). *Id*. § 40-35-501(i)(2)(C). For offenses enumerated in subsection (i)(2), the defendant "shall serve one hundred percent (100%) of the sentence imposed by the court *less sentence credits earned and retained*." *Id*. § 40-35-501(i)(1) (emphasis added). While sentence credits may reduce the sentence imposed by the court, "no sentence reduction credits authorized by § 41-21-236 or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%)." *Id*. § 40-35-501(i)(1). So, at maximum, Petitioner could "flatten" his 2008 sentence with these reduction credits by only fifteen percent.

7

Separate and distinct from sentence reduction credits, Tennessee law requires the trial court to provide a defendant "credit on the sentence for any period of time for which the defendant was committed and held . . . pending arraignment and trial." *Id*. § 40-23-101(c). The awarding of such pretrial jail credits is "mandatory." *State v. Henry*, 946 S.W.2d 833, 834 (Tenn. 1997). "Pretrial jail credit (PTJC) [not to be confused with pretrial behavior credit] is not sentence reduction credit, but is credit for time served while in custody prior to the sentence imposed date (SID), and is used to calculate the sentence effective date (SED)." (Doc. No. 1-14 at Page ID# 60).

Respondent has submitted the affidavit of TDOC official Amber Phillips in support of his response to the petition. (*See* Doc. No. 23-1, Affidavit of Amber Phillips). Ms. Phillips is the TDOC Director of Sentence Management Services. Ms. Phillips's affidavit addresses all calculations at issue in Petitioner's petition. Specifically, she addresses Petitioner's Sentence Effective Dates, Sentence Imposed Dates, pretrial jail credits, pretrial behavior credits, and sentence reduction credits for both his 2008 especially aggravated kidnapping conviction and for his 2015 solicitation for aggravated assault conviction. (*See id*.)

Ms. Phillips explains how TDOC applied the aforementioned sentencing provisions to Petitioner. Petitioner was sentenced on April 9, 2008, which is his "Sentence Imposed Date." (*Id*. at 1; Doc. No. 21-1 at Page ID# 189). Petitioner received 287 days of pretrial jail credit for time spent in custody before he received his 2008 Sentence, which is reflected on the judgment. (Doc. No. 23-1; Doc. No. 21-1 at Page ID# 189). Pretrial jail credit is independent of any sentence reduction credits and alters the date on which the sentence technically begins to run. (Doc. No. 23-1). Thus, the 287 days of pretrial jail credit were subtracted from Petitioner's April 9, 2008 Sentence Imposed Date, resulting in a "Sentence Effective Date" of June 27, 2007. (Doc. No. 23-1 at 1-2).

8

Having determined when Petitioner's 2008 Sentence began to run, the length of service time is then determined. Petitioner's 2008 Sentence stems from his especially aggravated kidnapping conviction. *Majors*, 2010 WL 2483512, at *1. Tennessee law requires him to "serve one hundred percent (100%) of the sentence imposed by the court *less sentence credits earned and retained*." Tenn. Code Ann. § 40-35-501(i)(1), (i)(2)(C) (emphasis added). Importantly, "no sentence reduction credits authorized by § 41-21-236 or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%)." *Id*. § 40-35-501(i)(1). Besides standard sentence reduction credits for good institutional behavior and program participation, *id*. § 41-21-236(2)(A)(i), pretrial behavior credits are also sentence reduction credits. *Id*. § 41-21-236(e). But these combined sentence reduction credits, including his pretrial behavior credits, cannot reduce his sentence by more than 15%. *Id*. § 40-35-501(i)(1).

Petitioner has earned enough combined sentence reduction credits to reach the fifteen percent maximum reduction applicable to the 2008 Sentence. (Doc. No. 23-1 at 3). TDOC first subtracted fifteen percent from Petitioner's twenty-year sentence. (*Id*. at 2). That results in a seventeen-year sentence. (*Id*.) TDOC then added seventeen years to the June 27, 2007 Sentence Effective Date to arrive at the sentence expiration date of June 26, 2024. (*Id*. at 3).

Petitioner's argument appears to stem from his classification and application of pretrial behavior credits. For example, Petitioner does not appear to categorize pretrial behavior credits as sentence reduction credits as required under Tenn. Code Ann. § 41-21-236(e)(1). (Doc. No. 1 at Page ID# 12). By categorizing pretrial behavior credits separately and in addition to standard sentence reduction credits earned during his sentence, he exceeds the maximum fifteen-percent sentence reduction. (*See* Doc. No. 1 at Page ID# 12). This is because his 72 pretrial behavior credits combined with 1,085 prisoner sentence reduction credits equals 1,157 days. However, fifteen

percent of a twenty-year sentence is 1,096 days. Tenn. Code Ann. § 40-35-501(i)(1) forbids Petitioner from receiving credits over the fifteen percent maximum.

The court finds that TDOC correctly calculated the 2008 Sentence. Petitioner's overall release date, now generated from his 2015 Sentence, is correct.

While the overwhelming majority of Petitioner's argument involves the correct expiration date of his 2008 Sentence, he also argues that TDOC "erroneously assigned a five year extension of release eligibility date towards Petitioner Majors 7,233 day sentence in violation of the Fourteenth and Eighth Amendment of the United States Constitution." (Doc. No. 1 at Page ID# 16). However, this argument is likewise without merit. (Ex. 1, p. 2.) Ms. Phillips's affidavit (Doc. No. 23-1 at 2) and a letter from TDOC to Petitioner (Doc. No. 1-7 at Page ID# 35-36) indicate that Petitioner committed a disciplinary violation that carried a punishment of a five-year extension of the release eligibility date. However, Petitioner's 2008 Sentence did not contain a Release Eligibility Date ("RED") because he had to "serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained." (Doc. No. 23-1 at 2); Tenn. Code Ann. § 40-35- 501(i)(1), (i)(2)(C). Thus, Petitioner's disciplinary violation and its punishment did not affect TDOC's calculation or remove the 15% reduction. (Doc. No. 23-1 at 2). This claim fails as well.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's claims are **DENIED**, and the petition (Doc. No. 1) filed by Petitioner under Section 2241 is **DISMISSED WITH PREJUDICE**.

A habeas petitioner seeking to appeal must either pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917 or seek leave to proceed in forma pauperis under to Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district

court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, the Court **CERTIFIES**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is **DENIED**.

If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge